**In the Matter of Kenneth BAILEY and Mary Bailey, Debtors.**

**Richard F. NELSON, Trustee, Plaintiff,**

v.

**N. O. NELSON, Defendant.**

**Bankruptcy No. HA–81–19.**
**Adv. No. 81–475.**

United States Bankruptcy Court,
W. D. Arkansas,
Harrison Division.

Oct. 15, 1981.

As Amended Oct. 21, 1981.

Richard Nelson, Harrison, Ark., for plaintiff.

Ronald D. Young, Harrison, Ark., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING PLAINTIFF'S COMPLAINT FOR RECOVERY OF AN ALLEGED PREFERENCE

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff trustee in bankruptcy seeks to recover an alleged preference conferred upon the defendant in the sum of $4,005.84. The defendant contends that any value was paid it on account of materials which the debtor installed in a customer's property and upon which the defendant had a materialman's lien. Thus, it is asserted that it did not receive "more than [it] would receive if the case were [liquidated] under chapter 7 of this title". See § 547(b)(5) of the Bankruptcy Code.

A hearing on the merits of the complaint and the issues thus joined by the pleadings was conducted by the court on October 8, 1981, in Harrison, Arkansas. The plaintiff trustee in bankruptcy then appeared personally and as his own counsel. The defendant appeared by its counsel, Henry Osterloh, Esquire.

The evidence then adduced clearly demonstrated the following material facts: The debtors, Kenneth and Mary Bailey, filed their petition for relief under the Bankruptcy Code on May 6, 1981. Prior to that date, the debtor, Kenneth Bailey, as a plumbing contractor, had performed some services in installing materials in the Flippin school building in Flippin, Arkansas. On this particular job, Mr. Bailey worked in the capacity of subcontractor with the Smith Brothers Construction Company of Yellville, Arkansas. He had installed certain materials for which, as of February 23, 1981, he was indebted to defendant in the sum of $9,445.14. On that date, Mr. Bailey conferred with Charles Oris Thornton, an officer of the defendant, and advised them that he could make no more payments on the account and that he was going to "take bankruptcy". But he also informed Mr. Thornton that he had a "last draw" coming from the Smith Brothers Construction Company. Thereupon, at the urging of Mr. Thornton, Mr. Bailey and Mr. Thornton travelled to Yellville and received the "last draw" from Smith Brothers Construction Company in the form of a check in the sum of $4,005.84 made payable to "Kenneth Bailey". Mr. Bailey forthwith endorsed the check to the order of the defendant. The Smith Brothers Construction Company, however, would not release the check to Mr. Bailey when he and Mr. Thornton called for it on February 23, 1981, until it was presented with the defendant's written release of the mechanic's lien on the materials provided by the defendant and installed by the debtor.

## CONCLUSIONS OF LAW

Based on the foregoing facts, the court must conclude that the bankruptcy

estate was not diminished by this payment. In substance, the payment was simply a payment on account of the materials which was owed on account of the materialman's lien of the defendant. The debtor simply acted as a conduit for the payment, which, under the circumstances detailed above, must be regarded as paid only on account of the lien and for the express purpose of dissolving it. In determining whether a transfer has been a preference, a bankruptcy court must "look ... through form to substance, [and] treat the transaction according to its real nature." *Katz v. First National Bank of Glen Head*, 568 F.2d 964, 970 (2d Cir. 1977). The court, in so ruling, is mindful of the debtor's testimony that the check was issued to him as payee and that he regarded himself as holding it in his own right in the short period of time which elapsed between its being handed to him and his endorsing it over to the defendant. But this testimony cannot be viewed in isolation from the intention objectively manifested by all the parties to the transaction to the effect that the payment would not have been made except for the purpose of application against the bill for materials owed to the defendant. And the bill which was owed by Mr. Bailey to the defendant was the same as the bill paid by Smith Brothers to Bailey on account of the materials against which the lien would otherwise have applied.

Even if the bankruptcy estate could be said to be entitled to recover the money thus paid, the demands of equity and justice would require that the same money should be regarded as the proceeds of the material against which the defendant's lien was initially asserted and therefore payable to defendant from the estate in satisfaction of the lien. Therefore, the defendant has not, by virtue of receiving the challenged payment, received more than it would have been entitled to receive in distribution under Chapter 7 of the Bankruptcy Code.

It is therefore, accordingly,

ORDERED AND ADJUDGED that the plaintiff's complaint to recover a preference be, and it is hereby, denied.